UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

ALBERT CELEC, individually and as Executor and on behalf of the estate of his partner, DR. PHILIP GINNETTI,

Plaintiffs,

v.

EDINBORO UNIVERSITY, CIGNA CORPORATION, and LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendants.

No.   **15-2 Erie**

## NOTICE OF REMOVAL

Defendants Life Insurance Company of North America ("LINA") and Cigna Corporation[1] hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1343, 1367, and 28 U.S.C. §1441. et seq. The grounds for removal are as follows:

1. Plaintiff Albert Celec ("Plaintiff") commenced this action against the Defendants by filing a civil action complaint in the Court of Common Pleas of Erie County, Pennsylvania, Civil Division. The matter is captioned *Albert Celec v. Edinboro University, et al.,* Case No. 12343-2014. A copy of the Complaint ("Complaint") is attached to this Notice as Exhibit A.

2. The Plaintiff attempted to effectuate service on LINA on or about December 4, 2014.

---

[1]  Cigna Corporation is not a properly named party in the Complaint and its dismissal will be sought either by stipulation or motion.

-2-

3. LINA is filing this Notice within thirty days after receipt by LINA of Plaintiff's initial pleading as allowed by 28 U.S.C. § 1446(b).

4. LINA's co-defendant, Edinboro University, (by virtue of its counsel's authority) consents to the removal of the instant matter to the United States District Court for the Western District of Pennsylvania.

### REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

5. Pursuant to 28 U.S.C. § 1331, this Court has "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6. In addition, pursuant to 28 U.S.C. § 1343, this Court has original jurisdiction over any civil action to recover damages or redress deprivation of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. 28 U.S.C. § 1343.

7. Plaintiff's civil action arises under the Constitution of the United States.

8. In Count V of the Complaint, Plaintiff alleges that Defendant Edinboro University violated the "Equal Protection Clause" of the Fourteenth Amendment to the United States Constitution. See Exhibit A, ¶¶ 106-16.

9. Plaintiff alleges that Edinboro University provided "inferior [life insurance] benefits to gay and lesbian managerial employees and their qualified same-sex domestic partners" in "violation of the Equal Protection Clause." See Exhibit A, ¶¶ 115-16.

10. Pursuant to 28 U.S.C. § 1367, this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of

additional parties." 28 U.S.C. § 1367. See also Commentary to 28 U.S.C. § 1367 (noting that "pendent party jurisdiction is allowed" in federal question cases over additional defendants against whom no federal claim runs); Spiker v. Allegheny Cnty. Bd. of Prob. & Parole, 920 F. Supp. 2d 580, 609 n.10 (W.D. Pa. 2013) aff'd sub nom. Spiker v. Whittaker, 553 F. App'x 275 (3d Cir. 2014); Flood v. Makowski, No. CIV.A. 3:CV-03-1803, 2004 WL 1908221, at *32 (M.D. Pa. Aug. 24, 2004); Bacone v. Philadelphia Hous. Auth., No. CIV.A. 01-CV-419, 2003 WL 21223822, at *1 n.1 (E.D. Pa. May 7, 2003) aff'd, 112 F. App'x 127 (3d Cir. 2004).

11. Plaintiff's other claims against Defendants are part of the same case or controversy as his claim under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution against Defendant Edinboro University.

12. Each of Plaintiff's claims in this civil action relate to the alleged denial of life insurance benefits to Plaintiff under Group Life Policy No. FLX 980054. See Exhibit A.

13. Because Plaintiff's allegations arise under the Constitution and Plaintiff's other claims are part of the same case or controversy, this civil action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1443.

14. A true and correct copy of this Notice will be filed with the Clerk of the Court of Common Pleas of Erie County, Pennsylvania, pursuant to 28 U.S.C. § 1446(d).

15. Written notice of the filing of this Notice will be served by federal express on counsel for all parties, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1343, 1367, and 1441 et seq., LINA respectfully requests that Plaintiff's civil action be removed from the Court of Common Pleas of Erie County, Pennsylvania, Civil Division, to the United States District Court for the Western District of Pennsylvania.

-4-

Respectfully submitted,

s/ James A. Keller
James A. Keller, Esquire
(Pa. I.D. No. 78955)
Phone: 215-972-1964
E-mail: jkeller@saul.com
Saul Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102

*Attorneys for Defendants*
*CIGNA Corporation and Life*
*Insurance Company of North*
*America*

Dated: January 5, 2015